# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | No. 3:11cr33 |
| | (Judge Munley) |
| v. | |
| **JOSEPH P. DONAHUE,** Defendant | |

## MEMORANDUM

Before the court for disposition is Defendant Joseph P. Donahue's motion to recuse or disqualify. The motion will be denied.

**Background**

According to the indictment, the general background facts are as follows: On March 4, 2010, a United States District Court for the Middle District of Pennsylvania jury convicted defendant of multiple federal offenses charged in case number 3:08cr221. The jury convicted defendant of bank fraud, 18 U.S.C. § 1344; credit card fraud, 18 U.S.C. § 1027; false statements, 18 U.S.C. § 1001; and money laundering, 18 U.S.C. § 1956.

The court sentenced the defendant on December 2, 2010 to a period of 121 months' imprisonment and to pay restitution. The court ordered that the defendant surrender to the Federal Bureau of Prisons and/or the United States Marshal Service by January 4, 2011 to begin serving his sentence. The defendant failed to surrender by January 4, 2011. Authorities arrested the defendant on January 20, 2011 in Las Cruses, New Mexico.

The government charged defendant in a one count indictment of failing to surrender for service of a federal sentence in violation of 18 U.S.C. §§ 3146(a)(2) and (b)(1)(A)(i). (Doc. 1, Indictment).

Defendant pled not guilty to the charge on February 23, 2011.  (Doc. 7).  Jury selection and trial are scheduled for April 25, 2011 before the undersigned.  (Doc. 9, Pretrial/Scheduling Order).

On March 15, 2011, defendant filed a motion to recuse or disqualify, bringing the case to its present posture.   Defendant argues that the recusal or disqualification of the undersigned judge is appropriate because an appearance of impartiality is present.  We disagree.

**Discussion**

Federal law provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).[1]  "Beliefs or opinions that merit recusal must involve an extrajudicial factor; 'for example, if a judge has acquired a dislike of a litigant because of events occurring outside of the courtroom, a duty to recuse might ensue.'" United States v. Vampire Nation, 451 F.3d 189, 208 (3d Cir. 2006) (quoting United States v. Antar, 53 F.3d 568, 574 (3d Cir. 1995)).  "'A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias . . . Under § 455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse.'" Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d

---

[1]Although the defendant quotes section 455(a), he cites to 28 U.S.C. § 455(b)(2), which provides for recusal: "[w]here in private practice [the judge] served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it[.]" This is clearly not the situation before the court, and we assume that the defendant seeks recusal under the section he quotes, 28 U.S.C. § 455(a).

2

Cir. 2004) (quoting Krell v. Prudential Ins. Co. of Am. (In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions), 148 F.3d 283, 343 (3d Cir. 1998)).  Moreover, a judge is required to disqualify himself when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  Bias and prejudice "connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree."  Liteky v. United States, 510 U.S. 540, 550 (1994).

     In support of his assertions of bias, the defendant raises the following concerns: 1) the judge ruled against most of the defendant's pretrial motions; 2) the defendant filed a complaint against the judge based in part on his allegedly biased decisions in the trial[2]; 3) the denial of a post-trial motion involving what defendant terms a "lock down incident" that occurred during the trial; 4) defendant's appeal to the Third Circuit Court of Appeals of his conviction, which raises issues involving the judge's rulings and 5) the fact that the instant case involves the defendant's failure to appear as ordered to serve his sentence in the underlying case.  The defendant opines that the judge may view this failure to appear as "as a slap in the face."  (Doc. 15, Def. Br. 7).

     Defendant's assertions do not indicate the possibility of bias such that the judge's impartiality might be questioned.  Most of the arguments deal with decisions regarding defendant's motions.  These rulings do not

---

    [2]The details of this complaint and where it was filed are unclear from the defendant's motion and brief.

3

support recusal.  The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555.  According to the Court:

> In and of themselves ( i.e., apart from surrounding comments or accompanying opinion), [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required [ ] when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not recusal.

Id.  Thus, defendant's argument that the rulings on his motions demonstrate impartiality is unpersuasive.

Additionally, the fact that the defendant filed some sort of complaint against the judge is not sufficient to justify recusal because it demonstrates no impartiality on the part of the judge.  United States v. Olander, 584 F.2d 876, 888 (9th Cir. 1978) (attempt to have judge impeached not sufficient without more to support recusal as it establishes the defendant has lost objectivity toward judge rather than impartiality on part of judge)).

The fact that the current charge stems from the defendant's failure to appear as ordered by the judge in the 2008 criminal case, also fails to establish impartiality.  All defendant presents to support this assertion is his speculation that the judge might view the defendant's alleged actions as a "slap in the face."  Such unsupported conjecture is insufficient to justify a judge's recusal.

Having failed to raise any indication of impartiality, defendant's motion for recusal will be denied.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **No. 3:11cr33** |
| | **(Judge Munley)** |
| v. | |
| **JOSEPH P. DONAHUE, Defendant** | |

## **ORDER**

**AND NOW**, to wit, this 23rd day of March 2011, the defendant's motion to recuse or disqualify (Doc. 15) is hereby denied.

        **BY THE COURT:**

        **s/ James M. Munley**
        **JUDGE JAMES M. MUNLEY**
        **United States District Court**