**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | 3:11-CR-0033 |
| v. | |
| | (JUDGE CAPUTO) |
| JOSEPH P. DONAHUE, | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court are Defendant Joseph P. Donahue's ("Donahue") Second Supplemental Motions. (Doc. 133.)  In his motions, Donahue requests that Counts Two, Three, and Four of the First Superseding Indictment be dismissed for lack of venue.  In the alternative, Donahue requests that the Government be ordered to file a bill of particulars. Donahue's motion for bill of particulars will be denied, while his motion to dismiss for lack of venue will be denied without prejudice to reassert it at trial.

**I. Background**

On March 4, 2010, Donahue was convicted after a jury trial in the United States District Court for the Middle District of Pennsylvania of multiple federal offenses.  On December 2, 2010, Donahue was sentenced to 121 months imprisonment.  He was scheduled to surrender at the Federal Correctional Institution, Fort Dix, New Jersey, to commence serving his sentence on January 4, 2011.

On January 4, 2011, Donahue failed to appear at the institution designated for the service of his sentence.  The United States Attorney's Office, Middle District of Pennsylvania, thereafter applied for, and obtained, a warrant for Donahue's arrest.

On January 20, 2011, Donahue was arrested by the United States Marshals Service in Las Cruces, New Mexico.  Donahue's vehicle was taken to the U.S. Marshals' facility in

Las Cruces, New Mexico, where the car was searched, pictures of the vehicle and its contents were taken, and the contents of the car were inventoried pursuant to the United States Marshals Service Policy Directives. During a subsequent search of the vehicle, a Glock .40 caliber magazine with an extender was discovered in the automobile. Subsequently, the bags seized from Donahue's vehicle were opened and searched, and a Glock semi-automatic pistol was found.

On July 24, 2012, the Grand Jury returned the Four-Count First Superseding Indictment against Donahue. Specifically, Donahue was charged with: (1) knowingly failing to surrender for service of a federal sentence pursuant to a court order in violation of 18 U.S.C. § 3146(a)(2) and (b)(1)(A)(i) (Count One); (2) knowingly possessing, in and affecting commerce, a firearm (Glock, Model 27, .40 caliber semi-auto pistol, serial number GTB989) which had been shipped and transported in interstate and foreign commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Two); (3) being a fugitive from justice and knowingly possessing, in and affecting commerce, a firearm (Glock, Model 27, .40 caliber semi-auto pistol, serial number GRB989) which had been shipped and transported in interstate and foreign commerce, in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2) (Count Three); and (4) knowingly possessing a stolen firearm (Glock, Model 27, .40 caliber semi-auto pistol, serial number GTB989) which had been shipped and transported in interstate and foreign commerce, knowing and having reasonable cause to believe the firearm was stolen in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count Four).

Now, Donahue seeks to dismiss the firearms offenses, *i.e.*, Counts Two, Three, and Four of the First Superseding Indictment, for lack of venue. (Doc. 133.)[1] In the alternative,

---

[1] By Memorandum and Order dated November 19, 2013, Donahue's suppression motions were granted. (Docs. 214; 215.) The Third Circuit reversed, holding that the warrantless search of Donahue's automobile was lawful pursuant to the automobile exception to the warrant requirement. *See United States v. Donahue*,

Donahue requests that the Government be ordered to file a bill of particulars. (*Id*.) Donahue's supplemental motions are fully briefed and ripe for disposition.

## II. Discussion

**A.    Venue**

Donahue seeks dismissal of Counts Two, Three, and Four of the First Superseding Indictment for lack of venue. (Doc. 134.) According to Donahue, proper venue for those charges is in New Mexico and not the Middle District of Pennsylvania. (*Id*. at 3.) Donahue contends that the First Superseding Indictment fails to set forth facts detailing his possession of the firearm or its stolen nature in the Middle District of Pennsylvania. (*Id*. at 4-5.) Moreover, with respect to the offense in Count Three, possessing a firearm while a fugitive from justice, Donahue argues that venue in this District is improper because, "by statutory definition, [he] can only become a fugitive from justice upon feeling the Commonwealth of Pennsylvania." (Doc. 145, 1-2.) Donahue cites 18 U.S.C. § 921(a)(15), which defines "the term 'fugitive from justice' [as] any person who has fled from any State to avoid prosecution for a crime or to avoid giving testimony in any criminal proceeding." In opposition to Donahue's motion to dismiss Count Three for improper venue, the Government argues that it "may be prosecuted in any district in which the offense was begun, continued, or completed. That the crime of fugitive from justice in possession of a firearm began in the Middle District of Pennsylvania can hardly be denied." (Doc. 135, 11.) In reply, Donahue contends that the Government's claim that venue is proper in the Middle District of Pennsylvania because that is where the offense began fails to establish venue. (Doc. 145, 5.)

"In considering a defense motion to dismiss an indictment, [a] district court must accept as true the factual allegations set forth in the indictment." *United States v. Bergrin*,

---

764 F.3d 293, 296 (3d Cir. 2014).

3

650 F.3d 257, 265 (3d Cir. 2011) (citation and alterations omitted); *see also United States v. Clark*, 728 F.3d 622, 623 (7th Cir. 2013) ("We accept these factual allegations as true in assessing a pre-trial motion to dismiss an indictment for improper venue."); *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012) ("to warrant dismissal of Count 1 for improper venue, [the defendant] was required to demonstrate that the allegations therein, even if true, would not establish venue."); *United States v. Mendoza*, 108 F.3d 1155, 1156 (9th Cir. 1997) ("only the indictment may be considered in pretrial motions to dismiss for lack of venue, and that the allegations must be taken as true.").

"A defendant in a criminal trial has a constitutional right to be tried in the district in which the crime was committed." *United States v. Perez*, 280 F.3d 318, 327 (3d Cir. 2002). Proper venue is guaranteed twice by the Constitution. *See id*.  First, Paragraph 3 of Article III, Section 2 provides that "[t]he Trial of all Crimes . . . shall be by Jury; and such trial shall be held in the State where the said Crimes shall have been committed . . . ." U.S. Const. art. III, § 2, c. 3.  Second, the Sixth Amendment to the Constitution guarantees the accused in a criminal prosecution the right to a speedy and public trial "by an impartial jury of the State and district wherein the crime shall have been committed . . . ." U.S. Const. amend. VI.  In addition, the Federal Rules of Criminal Procedure codify this guarantee. *See* Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed.").

"The Government bears the burden of proving venue by a preponderance of the evidence and venue must be proper for each count of the indictment." *United States v. Root*, 585 F.3d 145, 155 (3d Cir. 2009) (citing *United States v. Perez*, 280 F.3d 318, 328-30 (3d Cir. 2002)); *see also United States v. Davis*, 689 F.3d 179, 185 (2d Cir. 2012) ("Where . . . a defendant is charged with multiple crimes in a single indictment, the government must satisfy venue with respect to each charge."); *Engle*, 676 F.3d at 413.

"Congress may fix jurisdiction in any district where a 'crucial element' of the crime is performed." *United States v. Pendleton*, 658 F.3d 299, 303 (3d Cir. 2011) (citing *Perez*, 280 F.3d at 329). Where Congress has not provided a specific venue requirement, however, a court must determine the crime's *locus delicti*. *United States v. Auernheimer*, 748 F.3d 525, 532 (3d Cir. 2014) (citing *Pendleton*, 658 F.3d at 303). "'The *locus delicti* must be determined from the nature of the crime alleged and the location of the act or acts constituting it.'" *Id*. (quoting *United States v. Anderson*, 328 U.S. 699, 703, 66 S. Ct. 1213, 90 L. Ed. 1529 (1946)).

In performing the venue inquiry, a court "'must [1] initially identify the conduct constituting the offense . . . and then [2] discern the location of the commission of the criminal acts." *Auernheimer*, 748 F.3d at 532 (quoting *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279, 119 S. Ct. 1239, 143 L. Ed. 2d 388 (1999)). In conducting this inquiry, a court "must be careful to separate 'essential conduct elements' from 'circumstance elements,'" *Id*. at 533 (quoting *Rodriguez-Moreno*, 526 U.S. at 280 & n.4, 119 S. Ct. 1239, because "[o]nly 'essential conduct elements' can provide the basis for venue; 'circumstance elements' cannot." *Id*. (quoting *United States v. Bowens*, 224 F.3d 302, 310 (4th Cir. 2004)).

Furthermore, continuing offenses against the United States that are "begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237. As such, "where a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done." *Rodriguez-Moreno*, 526 U.S. at 281, 119 S. Ct. 1239 (citation omitted).

Because Congress has not designated venue in the criminal statutes at issue, the two-pronged approach set forth in *Rodriguez-Moreno* applies. Determining "which conduct 'constitutes the offense'" requires consideration of the crimes for which Donahue is

charged. *See Pendleton*, 658 F.3d at 303.

### 1. Count Two

In Count Two of the First Superseding Indictment, Donahue is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). That section provides, in pertinent part:

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). Thus, the elements of a violation of this section are: "[Donahue] had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) that [Donahue] knowingly possessed a firearm; and (3) that the firearm had passed in interstate commerce." *United States v. Dodd*, 225 F.3d 340, 344 (3d Cir. 2000). Moreover, "the felon-in-possession crime in § 922(g)(1) is a continuing offense." *United States v. Benjamin*, 711 F.3d 371, 378 (3d Cir. 2013).

With respect to the offense charged in Count Two of the First Superseding Indictment and accepting the allegations contained therein as true, venue in this District is proper. As § 922(g)(1) makes it unlawful for a convicted felon to "possess in or affecting commerce, any firearm," "[o]nly where [a defendant] actually possessed a firearm would venue be proper." *United States v. Lanoue*, 137 F.3d 656, 661 (1st Cir. 1998). Here, because Donahue is alleged to have possessed the firearm identified in the First Superseding Indictment in the Middle District of Pennsylvania after having been convicted of an offense punishable by imprisonment for a term exceeding one year, these allegations are sufficient to allege venue in this District. Thus, the motion to dismiss Count Two for lack of venue is denied without prejudice and with leave to renew at trial. *See, e.g., United States v. Motz*, 652 F. Supp. 2d 284, 290 (E.D.N.Y. 2009).

**2. Count Three**

Donahue next seeks dismissal of Count Three for lack of venue. Specifically, Donahue argues that venue in the Middle District of Pennsylvania is improper because he could only become a "fugitive from justice" upon fleeing from Pennsylvania. In moving to dismiss Count Three, Donahue relies on *United States v. Bowens*, 224 F.3d 302 (4th Cir. 2000) and *United States v. Strain*, 396 F.3d 689 (5th Cir. 2005). *Bowens* and *Strain*, however, are inapposite to the matter *sub judice*. In both those cases, the defendants were convicted of violating 18 U.S.C. § 1071, which provides:

> Whoever harbors or conceals any person for whose arrest a warrant or process has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person, shall be fined under this title or imprisoned not more than one year, or both; except that if the warrant or process issued on a charge of felony, or after conviction of such person of any offense, the punishment shall be a fine under this title, or imprisonment for not more than five years, or both.

18 U.S.C. § 1071.

In *Bowens*, a jury in the United States District Court for the Eastern District of Virginia convicted the defendant, among other charges, of two counts of harboring a fugitive from arrest in violation of § 1071. *See Bowens*, 224 F.3d at 304. At trial, the district court denied the defendant's request for a jury instruction that would have instructed the jury that the Government had to prove that the acts of harboring occurred in the Eastern District of Virginia. *See id*. at 306. In denying the request, the trial court reasoned that because the arrest warrants for the fugitives were issued in that district, venue was established as a matter of law. *See id*. at 306-07.

On appeal, the Fourth Circuit vacated the harboring convictions. According to the Fourth Circuit, "the place where a criminal offense is committed is determined solely by the essential conduct elements of that offense." *Bowens*, 224 F.3d at 311. The court further emphasized that for purposes of a violation of § 1071, the issuance of an arrest warrant is merely a circumstance element of the harboring offense, and, as such, "[t]he place where that warrant is issued is of no moment." *Id*. at 310-11. Rather, because "the only essential

conduct element of harboring or concealing a fugitive from arrest under 18 U.S.C. § 1071 is the act of harboring or concealing," *id*. at 311, "venue will lie only where acts of harboring or concealing take place." *Id*. at 309.  And, because the defendant's "acts of harboring occurred outside the Eastern District of Virginia," venue in that district was improper and the Fourth Circuit vacated the defendant's harboring convictions. *See id*. at 308, 311.

In *Strain*, the defendant spoke on the phone to her husband, a fugitive, while she was in the Western District of Texas. *See Strain*, 396 F.3d at 691. The defendant's husband instructed her to meet him in New Mexico the next day, which she did, and she rented a hotel room. *See id*. Two days later, the defendant was arrested and indicted on one count of harboring or concealing a fugitive in violation of § 1071.  The indictment charged that the offense occurred in both the Western District of Texas and the District of New Mexico. *See id*. at 692. The jury concluded that the offense charged was "begun" in the Western District of Texas, and she was convicted of harboring a fugitive.

The Fifth Circuit reversed the defendant's conviction on appeal. *See Strain*, 396 F.3d at 690. Specifically, the court reasoned that a conviction for a violation of § 1071 required that the defendant commit "any physical act of providing assistance . . . ." *Id*. at 694. Thus, for venue to be proper in the Western District of Texas, the court stated that the defendant must have committed a physical act of assistance in that district. *See id*. And, while the court assumed that a telephonic warning would constitute a "physical act" of concealing, the Fifth Circuit concluded that the Government failed to proffer sufficient evidence from which a jury could infer that the defendant in fact warned her husband about the outstanding warrant. *See id*. at 695-96. Moreover, on the facts of that case, the court rejected the Government's contention that venue was proper in the Western District of Texas pursuant to § 3237. While the Fifth Circuit recognized that some violations of § 1071 may qualify as a continuing offense, meaning that "once the offense of harboring has actually commenced, it may be continued or completed in other districts or states where venue may be proper," nothing in § 3237(a) "exempt[s] continuing offenses from the general principle that prepartory acts alone cannot support venue." *Id*. at 697.  Thus, because the defendant's

phone conversation with her husband and her travel from the Western District of Texas towards New Mexico were only "preparatory acts for the commission of the actual crime," they were insufficient to support a finding of venue. *Id*.

Here, unlike the defendants in *Bowens* and *Strain*, Donahue is charged in Count Three with being a fugitive in possession of a firearm in violation of 18 U.S.C. § 922(g)(2). Section 922(g)(2) does not contain a venue provision. Therefore, because Congress has "not indicate[d] where it consider[s] the place of committing the crime to be," jurisdiction is determined "from the nature of the crime alleged and the location of the act or acts constituting it." *Rodriguez-Moreno*, 526 U.S. at 279 n.1, 119 S. Ct. 1239 (citations and internal quotation marks omitted).

Section 922(g)(2) provides in pertinent part:

> It shall be unlawful for any person . . . who is a fugitive from justice . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(2). "Fugitive from justice" is statutorily defined as "any person who has fled from any State to avoid prosecution for a crime or to avoid giving testimony in any criminal proceeding." 18 U.S.C. § 921(a)(15). As such, "the fugitive-in-possession charge requires proof (1) that a defendant fled to avoid prosecution for a crime; (2) that he knowingly possessed a firearm; and (3) that the firearm was possessed in or affecting commerce." *United States v. Colon-Osorio*, 10 F.3d 41, 45 (1st Cir. 1993).

In view of the allegations in the First Superseding Indictment, venue is proper in the Middle District of Pennsylvania. Here, the conduct constituting the crime charged in Count Three and the location of the commission of the criminal acts establishing it render jurisdiction in this District appropriate. Donahue is alleged to have possessed a firearm in the Middle District of Pennsylvania and elsewhere while "being a fugitive from justice." (Doc. 111, 5.) The specific conduct claimed to be in violation of § 922(g)(2) in this case is that Donahue fled the Commonwealth of Pennsylvania and possessed a firearm. Thus, because this conduct spanned multiple districts, it "may be inquired of and prosecuted in

any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237. And, since it is claimed that Donahue fled the Middle District of Pennsylvania, the offense charged in Count Three of the First Superseding Indictment is alleged to have "begun" in this District. Donahue's motion to dismiss Count Three will be denied without prejudice to his renewing the motion at trial.

### 3. Count Four

In Count Four, Donahue is charged with knowingly possessing a stolen firearm in violation of 18 U.S.C. § 922(j). Section 922(j) provides:

> It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

18 U.S.C. § 922(j). Thus, the elements of this offense are "(1) possession of a firearm that (2) has been transported in interstate commerce, and that (3) the defendant knew or had reasonable cause to believe was stolen." *United States v. Davis*, 714 F.3d 809, 814 (4th Cir. 2013); *United States v. Hodges*, 315 F.3d 794, 799 (7th Cir. 2003) (same). Similar to the charge in Count Two, felon in possession of a firearm, Count Four alleges that Donahue possessed the stolen firearm in this District. These allegations are sufficient to allege venue in the Middle District of Pennsylvania. Donahue's motion to dismiss Count Four of the Indictment will be denied without prejudice.

### B. Bill of Particulars

In the alternative, Donahue requests a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f) with respect to the firearms offenses. According to Donahue, the First Superseding Indictment contains insufficient details of the facts upon which those charges are based, namely, his possession of the firearm and its stolen nature. (Doc. 134, 5.) Donahue thus concludes that a bill of particulars is necessary to afford a reasonable foundation for mounting a defense, to eliminate surprise at trial, and to protect against

double jeopardy. (*Id.*)  Conversely, the Government contends that the First Superseding Indictment is sufficient because it identifies a date range in which it is alleged Donahue possessed the firearm, as well as a detailed description of that firearm. (Doc. 135, 12.)  The Government further argues that it is not required to identify how Donahue came into possession of the firearm, nor is it obligated to provide facts upon which the firearm is deemed stolen. (*Id.*)

A court is authorized under Rule 7(f) to direct the government to file a bill of particulars in order "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during trial and to protect him against a second prosecution for an inadequately described offense."  *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2004) (quoting *United States v. Addonizio*, 451 F.2d 49, 63–64 (3d Cir. 1971)).  "A bill of particulars 'is not to be used by the defendant as a discovery tool,' but rather is appropriate only when 'an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial.'" *United States v. Shabazz*, No. 12-cr-64, 2012 WL 5334480, at *1 (M.D. Pa. Oct. 26, 2012) (citing *United States v. Fischbach & Moore, Inc.*, 576 F. Supp. 1384, 1389 (W.D. Pa. 1983); *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989)).  According to the Third Circuit, an "indictment which charges a statutory crime by following substantially the language of the statute is amply sufficient, provided that its generality neither prejudices defendant in the preparation of his defense nor endangers his constitutional guaranty against double jeopardy." *Addonizio*, 451 F.2d at 58 n.7; *see also United States v. Eufrasio*, 935 F.2d 553, 575 (3d Cir. 1991)).

Whether to grant a motion for a bill of particulars is within the discretion of the trial court.  *Addonizio*, 451 F.2d at 64.  "In determining whether to grant a motion for a bill of particulars, courts must take into account 'numerous countervailing considerations ranging from the personal security of witnesses to the unfairness that can result from forcing the government to commit itself to a specific version of facts before it is in a position to do so.'" *Shabazz,* 2012 WL 5334480 at *2 (citing *Rosa*, 891 F.2d at 1066).  In addition, "the court

may consider not only the indictment, but also all the information that has been made available to the defendant." *Id.* (citing *Fischbach*, 576 F.Supp. at 1389). "There is less need for a bill of particulars in cases where the Government provides substantial discovery." *Id.* (citing *Urban*, 404 F.3d at 772).

A bill of particulars is not warranted in this case. A bill of particulars is "not intended to provide the defendant with the fruits of the government's investigation;" it is meant to inform the defendant of the nature of the charges brought against him and give him only "that minimum amount of information necessary to permit [him] to conduct his own investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir.1985). Here, the First Superseding Indictment contains the necessary elements of the firearms offenses. Moreover, the First Superseding Indictment identifies the dates in which Donahue is alleged to have possessed the firearm, and it further provides a detailed description of the firearm possessed by Donahue, including its make, model, and serial number. Donahue's request for a bill of particulars will be denied.

### III. Conclusion

For the above stated reasons, Donahue's motion to dismiss Counts Two, Three, and Four of the First Superseding Indictment for lack of venue will be denied without prejudice to renew at trial. Donahue's request for a bill of particulars, however, will be denied.

An appropriate order follows.

November 14, 2014  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge