**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | 3:11-CR-0033 |
| v. | (JUDGE CAPUTO) |
| JOSEPH P. DONAHUE, | |
| Defendant. | |

## **MEMORANDUM**

Presently before me is the Government's Motion *in Limine* to Exclude Defendant Joseph Donahue's ("Donahue") Proffered Expert Testimony. (Doc. 254.) Because the proposed expert testimony fails to meet the requirements of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the Government's motion will be granted.

## **I. Background**

On March 4, 2010, Donahue was convicted after a jury trial in the United States District Court for the Middle District of Pennsylvania of multiple federal offenses. On December 2, 2010, Donahue was sentenced to 121 months imprisonment. He was scheduled to surrender at the Federal Correctional Institution, Fort Dix, New Jersey, to commence serving his sentence on January 4, 2011.

On January 4, 2011, Donahue failed to appear at the institution designated for the service of his sentence. The United States Attorney's Office, Middle District of Pennsylvania, thereafter applied for, and obtained, a warrant for Donahue's arrest. Donahue was subsequently arrested by the United States Marshals Service in Las Cruces, New Mexico on January 20, 2011.

On July 24, 2012, the Grand Jury returned the Four-Count First Superseding Indictment against Donahue. Specifically, Donahue was charged with: (1) knowingly failing

to surrender for service of a federal sentence pursuant to a court order in violation of 18 U.S.C. § 3146(a)(2) and (b)(1)(A)(i) (Count One); (2) knowingly possessing, in and affecting commerce, a firearm (Glock, Model 27, .40 caliber semi-auto pistol, serial number GTB989) which had been shipped and transported in interstate and foreign commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Two); (3) being a fugitive from justice and knowingly possessing, in and affecting commerce, a firearm (Glock, Model 27, .40 caliber semi-auto pistol, serial number GRB989) which had been shipped and transported in interstate and foreign commerce, in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2) (Count Three); and (4) knowingly possessing a stolen firearm (Glock, Model 27, .40 caliber semi-auto pistol, serial number GTB989) which had been shipped and transported in interstate and foreign commerce, knowing and having reasonable cause to believe the firearm was stolen in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count Four).

On November 14, 2014, the Government filed the instant motion to exclude Donahue from presenting the expert testimony of Dr. Dilwyn Symes ("Dr. Symes"). The Government contends that the proffered testimony of Dr. Symes that Donahue may have been suffering from Acute Stress Disorder in January 2011 will not assist the trier of fact because his opinion is speculative and is not formed with the level of confidence from which a medical practitioner would rely on in rendering a medical judgment. (Doc. 262, 4-7.)  In contrast, Donahue, while acknowledging that Dr. Symes does not render an opinion to a reasonable degree of medical certainty, maintains that Dr. Symes' testimony when considered with other evidence that will be presented at trial will assist the trier of fact. (Doc. 262, 1-4.)  The Government's motion has been fully briefed and a *Daubert* hearing was held on the motion on April 6, 2014.

## II. Discussion

Dr. Symes' expert testimony regarding whether Donahue suffered from Acute Stress

Disorder ("ASD") during the time he failed to surrender for service of sentence will be excluded because it fails to satisfy the requirements of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Rule 702, consistent with *Daubert*, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under Rule 702, the trial judge serves as a "gatekeeper" to insure that expert testimony is both relevant and reliable. *See Daubert*, 509 U.S. at 589, 113 S. Ct. 2786.

"Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit." *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003).[1] With respect to reliability, the expert's testimony "'must be based on the methods and procedures of science rather than on subjective belief or unsupported speculation; the expert must have good grounds for his or her belief.'" *Id*. (quoting *In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 742 (3d Cir. 1994)). In addition, "Rule 702 requires that the expert testimony must fit the issues in the case. In other words, the expert's testimony must be relevant for the purpose of the case and must assist the trier of fact." *Id*.

Dr. Symes' testimony that Donahue may have suffered from ASD during the time period of January 4, 2011 to January 20, 2011 will be excluded. According to Dr. Symes, in order to diagnose an individual with ASD, he would need to evaluate the patient within

---

[1] The Government does not challenge Dr. Symes' qualifications.

3

thirty days of the triggering/traumatic event.  In this case, however, Dr. Symes did not interview Donahue until April 2, 2011, approximately three months from the date of flight and two-and-a-half months from the date of capture.  Dr. Symes, in his own words, states: "So am I diagnosing [ASD]?  No.  I did not evaluate Mr. Donahue soon enough after his flight to know now with any certainty what he may have had at that time." (Doc. 256, Ex. 2.)

Dr. Symes' testimony is also subject to exclusion because it will not assist the jury in determining any disputed issues in this case.  Dr. Symes' report states that he "do[es] not know with any degree of psychiatric certainty whether or not [Donahue] was temporarily insane as he claims." (*Id*.)  Dr. Symes' report goes on to note that "[i]t could be that Mr. Donahue suffered from ASD during the time he fled from what he perceived to be the threat of death." (*Id*.)  Ultimately, Dr. Symes concludes: "Not to a degree of psychiatric certainty there is a distinct possibility that Mr. Donahue experienced a complex of symptoms and consequent behaviors during the time period of 1/4/2011-1/20/2011 that can be described as an Acute Stress Disorder." (*Id*.)

In this case, because Dr. Symes is unable to state an opinion with sufficient certainty regarding whether Donahue suffered from ASD in January 2011, his testimony cannot be considered by the jury.  Of course, an expert need not use "the talismanic phrase that their opinion is given to 'a reasonable degree of medical certainty,' because '[c]are must be taken . . . to see that the incantation does not become a semantic trap and the failure to voice it is not used as a basis for exclusion without analysis of the testimony itself.'" *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 785 (3d Cir. 1996) (quoting *Schulz v. Celotex Corp.*, 942 F.2d 204, 208 (3d Cir. 1991)).  In that regard,

> while the particular phrase used should not be dispositive, it may indicate the level of confidence the expert has in the expressed opinion.  Perhaps nothing is absolutely certain in the field of medicine, but the intent of the law is that if a physician cannot form an opinion with sufficient certainty so as to make a medical judgment, neither can a jury use that information to reach a decision.

4

*Id*. (quoting *Schulz*, 942 F.2d at 209).  The Third Circuit thus explained that "'[s]ituations in which the failure to qualify the opinion have resulted in exclusion are typically those in which the expert testimony is speculative, using such language as possibility.'" *Id*. (quoting *Schulz*, 942 F.2d at 208).  Dr. Symes at best says that it is possible that Donahue was suffering from ASD when he failed to appear to begin his sentence.  This falls short of what is required.

Dr. Symes' testimony is the sort of speculative expert testimony subject to exclusion. Dr. Symes is unable to state with any confidence or to any degree of certainty or even probability whether Donahue was suffering from ASD when he failed to surrender on January 4, 2011.  Indeed, although Dr. Symes notes that "it could be" and it was "a distinct possibility" that Donahue suffered from ASD at that time, Dr. Symes states that he could not render his opinion "to a degree of psychiatric certainty" and he does not know "with any certainty" what Donahue had when he refused to surrender. (Doc. 256, Ex. 2.)  And, as noted, Dr. Symes was unable to diagnose Donahue with ASD. (*Id*.)  Accordingly, because Dr. Symes cannot form an opinion to a sufficient degree of certainty to render a medical judgment as to whether Donahue suffered from ASD in January 2011, Dr. Symes' testimony will not assist the jury in determining any issues in this case.  Dr. Symes' testimony will therefore be excluded because it fails to satisfy the requirements of Federal Rule of Evidence 702 and *Daubert*.

### III. Conclusion

For the above stated reasons, the Government's motion to exclude the expert testimony of Dr. Symes will be granted.

An appropriate order follows.

April 20, 2015                                            /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                                  United States District Judge