**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CASE NO. 3:11-CR-33 |
| v. | |
| | (JUDGE CAPUTO) |
| JOSEPH P. DONAHUE, | |
| Defendant. | |

**MEMORANDUM**

Mr. Donahue seeks to unseal/lift the protective order of August 5, 2015. The order covers documents which the Court ordered the Government to provide to Mr. Donahue in advance of his trial which began on August 24, 2015.

The documents in question are Report of Senior Agent Kevin Wevodau (marked "unclassified"); United States Marshals Service Field Report; Memorandum of AUSA Gordon Zubrod to AUSA Daryl F. Bloom, Security Officer; Security Incident Report from AUSA Daryl F. Bloom to Timothy D. George, Security Programs Staff; Sworn Statement of Special Agent April Phillips; and, Notification of decision and disciplinary action by FBI Assistant Director, Office of Professional Responsibility, Washington, D.C.

The competing needs and interests of the parties affected by the discovery (documents, etc.) is what I should consider in deciding this motion. *U.S. v. Wecht*, 484 F.3d 194, 213-14 (3d Cir. 2007) (citing *Seattle Times, Co. v. Rhinehart*, 104 S.Ct. 2199, 2209 (1984)); *Pansy v. Borough of Shroudsbury*, 23 F.3d 772, 790 (3d Cir. 1994).

None of the documents in question appear to be protected by any privilege in the law. The contentions against disclosure are that the documents are unique and confidential and are at odds with Agent Michael Baumgardner's privacy interests. The contention in favor of disclosure is that Mr. Donahue wishes to use the documents in his appeal in seeking to overturn the underlying conviction for which he was sentenced, and for use in a civil suit.

The privacy interests of Agent Baumgardner apparently centered around his son's autism. Agent Baumgardner, apart from the document, testified about his son's condition. The unique and confidential nature of the documents also presumably relate to the internal process that occurred as a result of Agent Baumgardner's fitness as a witness and whether the Government believed he testified truthfully. The documents trace these occurrences as well as the internal discipline considered and imposed on him. All of this came out in the testimony of the various authors of the documents with the exception of the disciplinary decision on Agent Baumgardner.

Whether these documents have relevance in any other proceedings in which Mr. Donahue is now engaged or will engage in is not possible to determine. Suffice it to say, given the testimony disclosing the contents of the documents, there is no longer any need to keep them confidential. Mr. Donahue's interest in their use in this and other proceedings provides a basis for their need. I hasten to add the "balance" is one, given the testimony and use of the documents at trial, in which the Government's stated interests have essentially been rendered moot. The document reflecting the discipline of Agent Baumgardner was not introduced at trial. However, there was testimony that he was disciplined. The Government's interest in keeping the document confidential is outweighed by the

2

Defendant's interest in not only the fact of the discipline of Agent Baumgardner, but the reasons therefor.

     Therefore, the Protective Order will be modified to the extent that Mr. Donahue may use these documents if determined relevant or otherwise admissible by the presiding judge in this proceeding and any other proceedings. He shall not, however, disseminate them to others outside of their use in such proceedings.

     An appropriate Order follows.

Date: December 2, 2015               /s/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge