**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 3:CR-11-33 |
| v. | (JUDGE CAPUTO) |
| JOSEPH P. DONAHUE, | |
| Defendant. | |

**MEMORANDUM ORDER**

Presently before me is Petitioner Mary Ann Donahue's ("Mrs. Donahue") Petition for Release of Marital Property. (Doc. 433) In the underlying criminal case, Mrs. Donahue's husband, Joseph P. Donahue ("Mr. Donahue"), was taken into custody on January 20, 2011 in Las Cruces, New Mexico. (*Id.* at 1.) At the time he was apprehended, Mr. Donahue had $ 7,876.29 in United States currency on his person. (*Id.*) The money was seized by the government. (*Id.*) On September 1, 2015, Mr. Donahue was convicted of the following four (4) counts by a jury: (1) Knowingly Failing to Surrender For Service of a Federal Sentence Pursuant to a Court Order, 18 U.S.C. § 3146(a)(2); (2) Felon in Possession of Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (3) Being a Fugitive from Justice in Possession of a Firearm, 18 U.S.C. §§ 922(g)(2) and 924(a)(2); and (4) Possessing a Stolen Firearm, 18 U.S.C. §§ 922(j) and 924(a)(2). (Doc. 387)

**I. Procedural Background**

On March 14, 2016, Mrs. Donahue filed a *pro se* petition requesting that the cash totaling $ 7, 876.29 found on Mr. Donahue's person when he was apprehended be released to her because the money is "marital property". (Doc. 433) Mrs. Donahue states the request to return the funds was addressed prior to Mr. Donahue's trial but the court denied the motion "based on the government's claim that it was evidence necessary for the trial." (Doc. 433, 1.) Mrs. Donahue now contends that the evidence was not used at trial and no

legitimate basis remains to retain the money. (*Id.*) The government filed an opposition to Mrs. Donahue's request. (Doc. 434) Mrs. Donahue then filed a reply. (Doc. 436) On June 13, 2016, counsel entered an appearance on Mrs. Donahue's behalf (Doc. 439) and filed a supplemental Memorandum of Law in Support of Mrs. Donahue's Petition (Doc. 446). A hearing was held on June 29, 2016 and the matter is now ripe for disposition.

## II. Discussion

Mrs. Donahue testified that the money was taken by Mr. Donahue from an emergency cash fund maintained in a tin box in Mr. and Mrs. Donahue's marital home. The money was accumulated through lawful means by varying contributions by each of them over the course of thirty years of marriage. She also testified she was unaware that Mr. Donahue removed the funds and she did not consent to the removal.

Mrs. Donahue asserts her right to the money arguing it is "marital property". (*Id. at 2.*) Mrs. Donahue's supplemental memorandum of law argues that the money taken from the marital home is tenancy by the entireties property under Pennsylvania law. (Doc. 446)

I will consider each of these contentions in reverse order.

Tenancy by the entireties ownership "is applicable to personal as well as real property*." Itochu Int'l, Inc. v. Devon Robotics, LLC,* 2014 WL 2213083, at *2 (E.D. Pa. May 28, 2014) (citing *Pichler v. Unite,* 457 F.Supp.2d 524, 528 n. 3 (E.D.Pa.2006), *rev'd in part on other grounds,* 541 F.3d 380 (3d Cir.2008); *In re Denillo,* 309 B.R. 866, 871 (Bankr.W.D.Pa.2004)). But, "[i]n order for a tenancy by the entirety to arise, husband and wife must take identical interests in a property", and "[t]he 'four unities' of time, title, interest, and possession, as well as marriage, must exist simultaneously for the tenancy to be created." *Itochu*, 2014 WL 2213083, at *2 (E.D. Pa. May 28, 2014) (citations omitted). Stated another way, "[a] tenancy by the entirety arises when a husband and a wife take identical interests simultaneously by the same instrument, with the same right of

2

possession. Each spouse owns the whole or the entire property and not merely a divisible part of the whole." *In re DelCorso*, 382 B.R. 240, 252 (Bankr. E.D. Pa. 2007) (citing *Farda v. Commonwealth of Pennsylvania,* 849 A.2d 297, 298 n. 1 (Pa.Cmwlth.2004)).

Once created, "Pennsylvania law is clear that both parties—not just one—must intend to sever a tenancy by the entireties." *Plastipak Packaging, Inc. v. DePasquale*, 363 F. App'x 188, 192 (3d Cir. 2010) (citing *Clingerman v. Sadowski,* 513 Pa. 179, 519 A.2d 378 (1986)).

Although Pennsylvania case law provides that property held in a safe deposit box in both spouses' names is presumed to be tenancy by the entireties property, *see Alcorn v. Alcorn*, 364 Pa. 375, 375, 72 A.2d 96, 97 (1950); *Brown v. Brown*, 330 Pa. Super. 324, 479 A.2d 573 (1984) (collecting cases), this case is distinguishable.  When a safe deposit box is obtained, the spouses do so simultaneously thereby satisfying the timing requirement necessary for creation of tenancy by the entireties property. The money in this case was not kept in a safe deposit box at a bank or any other institution, but rather in a tin box in the home and, therefore, there is no such unity of time necessary to the creation of a tenancy by the entireties in the money which was accumulated over thirty years.

Any designation of the money as marital property also does not provide relief in this case. In forfeiture proceedings, the Third Circuit has declined to read the marital property provision of Pennsylvania's divorce code "as conferring an ownership interest outside the context of equitable distribution." *United States v. Premises Known as 717 S. Woodward St., Allentown, Pa.*, 2 F.3d 529, 535 (3d Cir. 1993). The Pennsylvania Supreme Court has not addressed the issue, but the Pennsylvania Superior Court has reserved Pennsylvania's divorce code marital property provision for use only in divorce proceedings. *See Id.* at 356 (collecting cases). Another judge of this district has also declined to apply the Pennsylvania marital property provision in a forfeiture proceeding. *United States v. Strube*, 58 F. Supp.

2d 576, 584 (M.D. Pa. 1999) (Rambo, J.). Although this is not a forfeiture proceeding, there is no case law to suggest that the marital property designation can be employed outside of divorce actions under Pennsylvania law. Therefore, the label "marital property" has no relevance to the resolution of this motion.

Mrs. Donahue's position is without support in law. The money accumulated over thirty years time lacks the unity of time necessary for creation of tenancy by the entireties in the property. Therefore, the petition will be denied.

Accordingly, **IT IS HEREBY ORDERED** that the Petition for Release of Marital Property (Doc. 433) is **DENIED**.


 July 6, 2016　　　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo　　
Date　　　　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge