**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA

v.

JOSEPH P. DONAHUE,

    Defendant.

NO. 3:11-CR-33

(JUDGE CAPUTO)

**MEMORANDUM**

Presently before me is the Petition for Release of Personal Property (Doc. 449) filed by Defendant Joseph Donahue ("Donahue"). Donahue was taken into custody on January 20, 2011 in Las Cruces, New Mexico. *See United States v. Donahue*, No. 11-33, 2016 WL 3615260, at *1 (M.D. Pa. July 6, 2016). At the time he was apprehended, Donahue had $7,876.29 in United States currency on his person (the "seized funds"). *See id.* The money was seized by the Government. *See id.* On September 1, 2015, Donahue was convicted of the following four (4) counts by a jury: (1) Knowingly Failing to Surrender For Service of a Federal Sentence Pursuant to a Court Order, 18 U.S.C. § 3146(a)(2); (2) Felon in Possession of Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (3) Being a Fugitive from Justice in Possession of a Firearm, 18 U.S.C. §§ 922(g)(2) and 924(a)(2); and (4) Possessing a Stolen Firearm, 18 U.S.C. §§ 922(j) and 924(a)(2). (*See* Doc. 378). Donahue was sentenced to 46 months in prison to run consecutively to a prison sentence imposed on Donahue by this Court at case number 3:08-CR-0221 (the "2008 case"). (*See* Doc. 420). Donahue was also ordered in this case to immediately pay a special assessment of $400.00. (*See id*. at 6-7). No further monetary penalties were imposed. (*See id*.). Donahue now seeks return of the seized funds, (*see* Doc. 449, *generally*), which I construe as a motion for return of property under Federal Rule of Criminal

Procedure 41(g).[1]

"Property seized by the government as part of a criminal investigation 'must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture.'" *United States v. Albinson*, 356 F.3d 278, 280 (3d Cir. 2004) (quoting *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir. 1999)). A person aggrieved by the deprivation of property may file a motion under Rule 41(g) to request its return. *See* Fed. R. Crim. P. 41(g); *United States v. Bein*, 214 F.3d 408 (3d Cir. 2000). The government bears the evidentiary burden when a motion to return property is made after termination of criminal proceedings. *Chambers*, 192 F.3d at 377. "At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *Id*.

The Government opposes Donahue's motion. (*See* Doc. 458, *generally*). The Government does not seek to utilize the funds in this case. (*See id.*, *generally*). Rather, the Government notes that Donahue was ordered to pay $325,414.67 in restitution in the 2008 case. (*See id*. at 1); *see also* Judgment, *United States v. Donahue*, No. 3:08-CR-0221 (M.D. Pa. Dec. 2, 2010), ECF No. 283. According to the Government, Donahue has refused to make any payments towards his restitution in that case. (*See* Doc. 458, 1). The Government thus argues that the seized funds should not be returned to Donahue, but should instead be applied to Defendant's outstanding restitution obligation from his prior criminal conviction. (*See id*. at 7).

Donahue's motion for return of the seized funds will be granted in part. The United States Court of Appeals for the Third Circuit, albeit in a non-precedential opinion, has held that a district court lacks authority to order the transfer of seized funds for the purpose of facilitating the payment of restitution in an unrelated case. *See United States v. Craig*, 359 F. App'x 289, 292 (3d Cir. 2009). In *Craig*, the defendant was convicted in this District and ordered to pay restitution in the amount of

---

[1] The Government has previously indicated that it has possession of the seized funds. (*See* Doc. 434, 3).

$12,411.00, as well as a special assessment of $300.00. *See id*. at 291. Because the Government had previously seized $16,432.00 from the defendant, the Government sought to satisfy the restitution order through use of those funds. *See id*. The defendant conceded that the seized funds could be used to satisfy the restitution order, but requested the return of the remaining funds. *See id*. The Government opposed the return of the funds to the defendant because the defendant owed restitution from a prior criminal conviction in an unrelated federal case in the United States District Court for the District of Rhode Island. *See id*. Ultimately, the defendant's request for the return of the balance of the seized funds was denied, and the district court ordered the Government to remit the remainder of the funds to the Clerk of the Rhode Island District Court. *See id*.

The Third Circuit vacated the judgment of the district court. *See id*. at 291-92. Citing 18 U.S.C. §§ 3556[2] and 3663[3], the *Craig* court explained that "restitution may be paid to an individual if one of two conditions is met: (1) the individual is a 'victim' in the present case; or (2) the restitution payment was agreed to in a plea agreement." *Id*. at 291. Applying the statutory definition of a victim set forth in 18 U.S.C. § 3663, the Third Circuit concluded that "the individuals injured as a result of Craig's 2003 conviction for wire fraud in the District of Rhode Island do not qualify as 'victims' because they were not 'directly and proximately harmed' as a result of Craig's present offense." *Id*.

---

[2] Section 3556 provides that "[t]he court, in imposing a sentence on a defendant who has been found guilty of an offense . . . may order restitution in accordance with section 3663." 18 U.S.C. § 3556.

[3] Section 3663 states, in pertinent part:

> The court, when sentencing a defendant convicted of an offense under this title . . . may order . . . that the defendant make restitution to any victim of such offense, or if the victim is deceased, to the victim's estate. The court may also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense.

18 U.S.C. § 3663(a)(1)(A).

3

at 291-92 (quoting 18 U.S.C. § 3663(a)(2)). The court further found that the fact that the defendant had "not yet fulfilled that restitutionary obligation does not grant the District Court authority to offer restitution to those individuals in *this* case." *Id*. at 292 (emphasis in original).

The Government in *Craig*, like it does here, also argued that the district court was authorized to apply the funds because an order of restitution made pursuant to § 3663 is "'a lien in favor of the United States on all property and rights to property of the person fined.'" *Id*. (quoting 18 U.S.C. § 3613(c)). Those arguments, according to *Craig*, "improperly conflate[ ] the Government's *entitlement* to the funds with the District Court's *authority* to divert those funds in this case." *Id*. (emphasis in original). Further, the *Craig* court emphasized that the Government was not a victim in either that case or the prior Rhode Island case, nor did the Government assert that it was harmed by the defendant's actions. *See id*. Thus, the Third Circuit explained that the Government was "attempting to use its position as a common party - the prosecution - in both the Rhode Island and Pennsylvania cases as a means to compensate a *private third party*. This is not what § 3663 contemplates." *Id*. (emphasis added). Accordingly, the Third Circuit in *Craig* held that "the District Court lacked the statutory authority to order the transfer of seized funds to the Rhode Island Court for the purpose of facilitating the payment of restitution in an unrelated case." *Id*.

The Government here, as it did in *Craig*, requests that seized funds be used to pay restitution ordered in an unrelated case. (*See* Doc. 458, *generally*). The Government does not argue that it was the victim in this case or the 2008 case, nor does the Government contend that the individuals injured in the 2008 case were harmed as a result of Donahue's present offense. (*See id*.). As such, for the reasons identified by the Third Circuit in *Craig*, the seized funds cannot be used to facilitate the payment of restitution in an unrelated case to private third parties. *See Craig*, 359 F. App'x at 291-92.

Based on the foregoing, Donahue's motion for return of the seized funds will be granted in part, and the Government will be directed to deposit the seized funds, *i.e.*, $7,876.29, with the Clerk

4

of the United States District Court for the Middle District of Pennsylvania within thirty (30) days. However, as stated previously, in addition to his sentence of imprisonment, Donahue was also ordered to immediately pay a special assessment in the amount of $400.00. Donahue has yet to pay that assessment. Accordingly, $400.00 of the seized funds deposited with the Clerk of Court shall be used as payment for the special assessment owed by Donahue in this case. Donahue shall provide the Clerk of Court with an address for the return of the balance of the seized funds. Upon receipt of the seized funds and an address for return of same, the Clerk of Court shall send a check payable to Joseph Donahue in the amount of $7,476.29 by first class mail - postage prepaid to the identified address.

      An appropriate order follows.

September 27, 2017                                       /s/ A. Richard Caputo
Date                                                           A. Richard Caputo
                                                                     United States District Judge